UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER TALBERT, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1023 |
| | § | |
| AMERICAN RISK INSURANCE COMPANY, INC., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION & ORDER**

Pending before the Court is Defendants American Risk Insurance Company, Inc. ("American Risk"), Safeer Hassan ("Hassan"), and Sarosh Ahmed's ("Ahmed") motion for summary judgment (Doc. 14), as well as Plaintiffs Sylvester Talbert ("Talbert") and Sheryl Want's ("Want") response in opposition (Doc. 18) and appendix (Doc. 19). Upon review and consideration of this motion and the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' motion for summary judgment (Doc. 14) should be granted.

I. Background and Relevant Facts

This is an action for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Texas Labor Code. (Doc. 1 at 7–8.) Talbert and Want worked for American Risk as insurance claims adjusters in the aftermath of Hurricane Ike. Talbert worked for Defendants from September 2008 through February 2009, or approximately six months. (*Id.* at 3.) Talbert was a salaried employee. (Doc. 18 at 6.) Want worked for Defendants from October 2008 through January 2009, or approximately four months. (Doc. 1

at 4.) Want was classified as an independent contractor and paid on an hourly basis. (Doc. 6 at 6–7.) As claims adjusters, Talbert and Want were responsible for investigating claims on behalf of Defendants in the greater Houston metropolitan area. (Doc. 1 at 4.) Talbert and Want allege that they routinely worked in excess of forty hours per workweek, but neither received overtime wages. (*Id.*)

Plaintiffs filed suit in this Court on April 6, 2009. (Doc. 1.) Defendants move for summary judgment on the grounds that Talbert was an administrative employee exempt from the overtime provisions of the FLSA and Want was an independent contractor and therefore not entitled to the protections of the FLSA. (Doc. 14 at 1–2.)

## II. Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an

issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation,* 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex.*

*Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

III. Discussion

Plaintiff Want was hired by American Risk as an independent contractor and worked for American Risk for approximately twelve weeks as a claims adjuster, during which time she was paid an hourly rate of $18.00 per hour. (Doc. 14-2 at ¶12.) Nevertheless, Want claims that she was an employee of American Risk and therefore entitled to protection under the FLSA. Plaintiff Talbert was hired as an assistant claims adjuster for American Risk. American Risk

contends that Talbert was exempt from the overtime requirements of the FLSA because he was employed in an administrative capacity. (Doc. 14 at 6–8.)

To determine whether a worker qualifies as an employee under the FLSA, as opposed to an independent contractor, the Court looks to the following non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extend of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). In addition to these factors, the Court considers whether, as a matter of economic reality, the worker is economically dependent on the alleged employer or is instead in business for herself. *Id.* The ultimate determination of whether an individual is an employee within the meaning of the FLSA is a legal, and not a factual, determination. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir. 1987).

In Texas, claims adjusters are professionals licensed by the state. American Risk hired Want as an independent contractor and expected her to handle files and make recommendations to the claims manager with little supervision. (Doc. 14-2 at ¶5.) As an independent contractor, Want set her working hours within general parameters given by American Risk. (*Id.* at ¶6l; *see also* Doc. 18-5.) The "Personnel Change Notice" signed by Want states that she is a "Contractor", that her employment is "Temporary", and notes that she is hired as a "Contractor for temporary position. Compensation @ $18/hr. Contract may be terminated by either party. Will receive a 1099 from American Risk for compensation in 2008." (Doc. 14-2 at 7.) For all these reasons, Want was an independent contractor not entitled to the protections of the FLSA.

Administrative employees are exempt from the overtime provisions of the FLSA. *See* 29

C.F.R. § 541.200. Although whether an employee is exempt from the FLSA's overtime compensation provisions of 29 U.S.C. § 213(a)(1) is primarily a question of fact, the ultimate determination of an employee's status is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000). The administrative capacity exception applies to an employee "(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . .; (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.

It is undisputed that Talbert was paid a salary in excess of $455.00 per week. Talbert worked in the office, and his work was directly related to the general business operations of American Risk. (Doc. 14-2 at ¶11.) While not dispositive, 29 C.F.R. § 541.203(a), which gives examples of jobs within the administrative exemption, provides that insurance claims adjusters "generally meet the duties requirements for the administrative exemption, . . . if their duties include activities such as interviewing insureds, witnesses and physician; inspecting property damage; reviewing factual information to prepare damage estimates; evaluating and making recommendations regarding coverage of claims; determining liability and total value of a claim; negotiating settlements; and making recommendations regarding litigation."

As an assistant claims adjuster, Talbert's duties included interviewing the insureds, reviewing the factual information from contractors and field adjusters to prepare damage estimates, making recommendations regarding the coverage of claims, and, when necessary, making recommendations regarding litigation. (Doc. 14-2 at ¶11.) Talbert contends that he was not permitted to exercise discretion or independent judgment because he lacked the authority to

settle insurance claims, but rather was required to seek supervisory approval. (Doc. 18-8 at ¶7.) However, a "the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." 29 C.F.R. § 541.207(a); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 585 (5th Cir. 2006). In the vast majority of cases, recommendations of American Risk's assistant claims adjusters are accepted. (Doc. 14-2 at ¶12.) Thus, the Court finds, as a matter of law, that Plaintiff Talbert is subject to the administrative exemption of the FLSA and therefore not entitled to overtime compensation.

Plaintiffs' argument that Defendants waived the affirmative defense that Talbert was subject to the administrative employee exemption under the FLSA is unavailing because Defendants amended their answer pleading this defense. (Doc. 26 at 1.)

## IV. Conclusion

Accordingly, it is hereby ORDERED that Defendants American Risk Insurance Company, Inc., Safeer Hassan, and Sarosh Ahmed's motion for summary judgment (Doc. 14) is GRANTED.

SIGNED at Houston, Texas, this 14th day of May, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE